TOWN OF WINDSOR LOCKS *v.* INTERNATIONAL
BROTHERHOOD OF POLICE
OFFICERS, LOCAL 523
(AC 32257)

Lavine, Alvord and Peters, Js.

Argued March 10—officially released May 3, 2011

*Kevin M. Deneen*, for the Appellant (plaintiff).

*Scott C. Jelescheff*, with whom was *Stephanie Czap*, for the appellee (defendant).

*Opinion*

PETERS, J. This appeal arises out of two arbitral awards in unrestricted submissions in which the arbitrators rendered facially inconsistent decisions. In *Stratford* v. *International Assn. of Firefighters, AFL-CIO, Local 998*, 248 Conn. 108, 728 A.2d 1063 (1999), our Supreme Court held that the doctrine of collateral estoppel does not require an arbitrator to adhere to an earlier arbitral interpretation of the same provision of a contract between the same parties. Id., 109. In the present case, the town maintains that *Stratford's* holding is inapplicable when two arbitral panels have reached inconsistent results in grievances arising out of an on-going dispute between the same parties. We are not persuaded by this argument or by the other reasons advanced by the town in support of its contention that the trial court improperly confirmed an arbitral award in favor of the union. The judgment of the trial court is affirmed.

On November 2, 2009, the plaintiff, the town of Windsor Locks (town), filed an application, pursuant to General Statutes § 52-418, to vacate an arbitration award in favor of the defendant, the International Brotherhood of Police Officers, Local 523 (union). In response, on November 9, 2009, the union filed a cross application to confirm the arbitration award. The trial court denied the town's application and granted the union's application. The town has appealed.

The memorandum of decision filed by the trial court recites the relevant facts. This case arises out of two arbitration awards by the Connecticut state board of mediation and arbitration involving Windsor Locks police officer Michael S. Bracken, Jr., who was returning to duty after he had been on an extended sick leave. The town questioned Bracken's fitness to return to duty even though two physicians had found him physically fit.

In the first award, the unrestricted submission was: "[d]id the town violate the contract when it ordered Officer Michael S. Bracken to undergo a psychological examination? If so, what shall be the remedy?" A board panel found that the management rights provision in the collective bargaining agreement authorized the town, acting through its police chief, to refer Bracken for testing by Stephen Sarfaty, a psychologist. The trial court denied the union's application to vacate that award and granted the town's application to confirm the award. The union did not appeal from that judgment.

In the second award, which is at issue in this appeal, the unrestricted submission was: "[d]id the town of Windsor Locks violate the collective bargaining agreement when it placed the grievant, Officer Michael Bracken, on unpaid administrative leave? If so, what shall be the remedy?" A partially different arbitral panel rejected the town's contention that Bracken's leave

without pay was justified by the results of his psychological examination by Sarfaty, who had found him unfit to return to duty. There was a facial inconsistency between this finding and the union's uncontested representation that Bracken had been cleared for duty both by his own physician and by a physician of the town's choosing. The panel concluded that, under other provisions of the collective bargaining agreement, a grievant could be placed on administrative leave *without pay* only if the disqualifying opinion was that of a certified *physician*. Because the town had not established that Sarfaty was a physician, the panel ruled in favor of the union.

Over the town's objection, the court confirmed the second award despite its facial inconsistency with the first award. The court held that, as in the earlier case, the submission was unrestricted and the award conformed to the submission. It noted that the panel had relied on a provision in the collective bargaining agreement that was different from the provision that was at issue in the first award. More generally, it rejected the town's argument that this panel was bound by the award made by the earlier panel.

The town's appeal from the court's judgment raises two issues. Although the town does not contest the court's finding that the submission of the parties' dispute to the arbitrators was unrestricted, it maintains that (1) under the law of the case, the second arbitral award was required to conform to the first arbitral award and (2) the contradiction between the two arbitral awards deprives the second award of the finality that is a prerequisite to the enforceability of an award. We are not persuaded by either claim.

Our case law consistently has established the principle that courts play only a limited role in the review of arbitral awards. "When the scope of the submission is

unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." (Citations omitted.) *Garrity* v. *McCaskey*, 223 Conn. 1, 4–5, 612 A.2d 742 (1992); see also *Stratford* v. *International Assn. of Firefighters, AFL-CIO, Local 998*, supra, 248 Conn. 115.

As a legal matter, the town argues that, because both arbitrations raised questions about whether Bracken is fit to return to duty, they are parts of the same controversy and must be resolved consistently. Its appellate brief cites no authority in support of this argument and we know of none. Indeed, as the union notes, *Stratford* is controlling, and it is directly to the contrary.

The town's argument is further flawed because it is premised on the proposition that the awards in the two cases are, in fact and in law, inconsistent. We agree with the union that this premise is, at best, questionable. As a factual matter, the first arbitral panel was not confronted with facially inconsistent appraisals of Bracken's fitness for duty. As a legal matter, the first arbitral panel addressed the town's contractual authority to require Bracken to undergo psychological testing, while the second panel addressed the town's contractual authority to defer payment of Bracken's wages. Because these are not the same questions, their answers need not be consistent.

The town's failure to establish an inconsistency between the two arbitral awards is also fatal to its alternate argument that the court improperly confirmed the present arbitration award because it was not

"mutual, final and definite." The town bases this argument on its contention that this award directly contradicted a prior award involving the same parties and the same contractual provisions. Because we have concluded that the town is mistaken in its characterization of the relationship between the two awards, this argument cannot be sustained.

The judgment is affirmed.

In this opinion the other judges concurred.